PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: John Edward Howard          Case Number: 3:10-00281-01

Name of Sentencing Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: April 28, 2011

Original Offense: 18 U.S.C. § 473, Sale of Counterfeit Federal Reserve Notes

Original Sentence: 3 years' probation.

Type of Supervision: Probation          Date Supervision Commenced: April 28, 2011

Assistant U.S. Attorney: William Lee Deneke          Defense Attorney: Richard L. Tennent

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 18 day of April, 2013, and made a part of the records in the above case.

_____
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date   April 18, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

   On January 7, 2013, February 6, 2013, and March 19, 2013, Mr. Howard submitted urine samples that tested positive for marijuana. Mr. Howard admitted that he had used marijuana prior to all three tests. **It should be noted that this offender has tested positive for marijuana on six different occasions since the beginning of probation.**

2.    **The defendant shall participate in a program of drug testing at the direction of the Probation Officer:**

   On March 18, 2013, Mr. Howard failed to report for a random urine screen at the U.S. Probation Office, Nashville, Tennessee. **It should be noted that this offender has failed to show for drug testing on six different occasions since the beginning of probation.**

**Compliance with Supervision Conditions and Prior Interventions:**

On May 16, 2012, a 12A petition was submitted notifying the Court of drug use and driving on a suspended license. It was recommended no action be taken at that time. Said petition was signed by Your Honor on May 18, 2012.

On February 7, 2013, a second 12A petition was submitted notifying the Court of drug use on December 27, 2012, and February 6, 2013. It was recommended that no action be taken, but the violations be held in abeyance. Said petition was signed by Your Honor on February 13, 2013. **It should be noted that the December 27, 2012, date was in error and the correct date for that positive urine sample was January 7, 2013.**

Since being placed on supervision on April 28, 2011, Mr. Howard has submitted a total of 35 urine samples, of which 29 have been negative.

John Howard is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since April 28, 2011. He is employed with Mid-South Carpenters, Nashville, Tennessee. He lives with his sister in Madison, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence. Mr. Howard participates in Phase 2 of the Low-Intensity Outpatient Program (LIOP) which requires participants to engage in bi-weekly group drug treatment sessions.

When questioned about the positive urine screens, Mr. Howard admitted that he had used on all three occasions. He stated that his last use was in March 2013, prior to his latest positive urine screen. According to the U.S. Probation Office test log, his most recent negative test was on April 1, 2013. This probation officer issued a verbal reprimand to Mr. Howard for violating his conditions of supervised release by using illegal drugs. Mr. Howard was re-instructed as to all of his conditions, and specifically instructed not to possess or use illegal substances. Mr. Howard's drug testing will be increased to the most intensive level as a result of these new violations. In addition, Mr. Howard will be returned to Phase 1 of the LIOP, which

requires participants to engage in weekly group drug treatment sessions.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for John Edward Howard to appear before the Court to answer to the violation behavior outlined above. The U. S. Attorney's Office has been advised of the offender's non-compliance.

Submitted by: _Lisa Capps/bp_
Lisa A. Capps
Senior U.S. Probation Officer

Approved by: _[signature]_
W. Burton Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JOHN EDWARD HOWARD, CASE NO. 3:06-00234-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

The offender is presently serving a three-year term of probation. According to 18 U.S.C.§ 3565(a)(1) and (2), if the offender violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, after a hearing and after consideration of the factors set forth in 18 U.S.C.§ 3553(a), do the following: (1) continue the offender on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the offender. If the offender is revoked and resentenced, the following provisions are applicable:

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | Not more than 20 years | 18-24 months | none |
| SUPERVISED RELEASE: | Not more than 3 years | 1-3 years | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in section 3563(a)(3). 18 U.S.C. § 3565(b)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing, thereby violating the condition imposed by section 3563(a)(4). 18 U.S.C. § 3565(b)(3). Additionally, revocation is mandatory if as a part of drug testing, the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. 18 U.S.C.§ 3565(b)(4).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke probation; or (B) extend the term of probation and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Senior U.S. Probation Officer

Approved:   W. Burton Putman
Supervising U.S. Probation Officer